UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL GIGENA, | No. 2:23-cv-01662-DJC-CKD PS |
| Plaintiff, | ORDER |
| v. | |
| STEPHEN B. RYE ET AL., | |
| Defendants. | |

Plaintiff, proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). However, because venue does not lie in this district, the court orders that this action be transferred to the United States District Court for the District of Nevada. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (holding a court may raise and decide the issue of venue sua sponte).

I.   Venue

Under the federal venue statute, a plaintiff may bring a civil action in (1) a judicial district in which any defendant resides (if all defendants are residents of the state in which the district is located); (2) a judicial district in which a substantial part of the events or omissions giving rise to

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

1  the claim occurred; or (3) if there is no district in which an action may otherwise be brought, any
2  judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. §
3  1391(b).

4      Here, plaintiff sues Stephen B. Rye, District Attorney of Lyon County, and Brad Pope,
5  Lyon County Sherriff, for constitutional violations under 42 U.S.C. § 1983.  (ECF No. 1 at 2-3.)
6  The events giving rise to the complaint occurred in Lyon County, Nevada.[2]  (Id. at 2.)  Lyon
7  County, Nevada lies within the District of Nevada, not the Eastern District of California.
8  Therefore, venue is improper. See 28 U.S.C. § 1391(b).

9    II.     Transfer

10      Under 28 U.S.C. § 1406(a), a district court may "transfer a case brought in the wrong
11  division or district" if it is "in the interest of justice" to do so. If a district court denies such a
12  transfer in its discretion, then the court must dismiss the suit. 28 U.S.C. § 1406(a). Transfer is
13  generally preferred over dismissal where the plaintiff made an honest mistake as to where the suit
14  could have been brought. E.g., Ali v. Carnegie Inst. of Washington, 967 F. Supp. 2d 1367, 1391
15  (D. Or. 2013), aff'd, 684 F. App'x 985 (Fed. Cir. 2017). Dismissal is appropriate when the case
16  was deliberately filed in the wrong court through forum shopping, or if it is clear the complaint
17  could not be amended to state a cognizable claim.  Ragan v. Oliver, No. 22-CV-1808-DAD-CKD,
18  at *1–2 (E.D. Cal. Oct. 20, 2022)

19      Here, there is no indication that plaintiff deliberately filed this case in the wrong court,
20  and the court is unable to conclude there are no circumstances under which plaintiff can state a
21  cognizable claim against defendants.  Because the alleged events giving rise to plaintiff's claims

---

[2] Transfer is only appropriate under 28 U.S.C. § 1406(a) where the first court has subject matter jurisdiction over the action. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000), citing Grand Blanc Bd. of Educ. Ass'n v. Grand Blanc Bd. of Educ., 624 F.2d 47, 49 n. 4 (6th Cir.1980) (holding that under § 1406, courts do not have power to transfer a case unless they have jurisdiction in the first instance).  Here, plaintiff alleges the events giving rise to the complaint occurred in Lyon County on an American Indian Tribal Reservation. (ECF No. 1 at 4.)  The Supreme Court has held that § 1983 claims must be brought in either federal or state court because tribal courts cannot hear § 1983 claims. Nevada v. Hicks, 533 U.S. 353, 355 (2001).  Accordingly, this court has subject matter jurisdiction over this action and may properly transfer this case.

occurred in Lyon County, Nevada, which lies within the District of Nevada, the court orders that this action be transferred to the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1406(a).  In transferring this action, this court expresses no opinion regarding the merits of plaintiff's claims.  Plaintiff is instructed to direct any further filings or inquiries related to this case to the United States District Court for the District of Nevada.  Further documents filed in the Eastern District of California related to this case will be disregarded.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. This action, including the pending motion to proceed in forma pauperis, is TRANSFERRED to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1406(a).
2. The Clerk of the Court shall close this case.

Dated:  November 1, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, gige.1662

3